FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

SEP - 8 2009

U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING
YELLOWSTONE NATIONAL PARK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 09-CR-165 |
| ) | |
| vs. ) | Case No. 2:09M2165-001 |
| ) | |
| CATHERINE S. TUNIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

On June 10, 2009, an information was filed, charging:

On or about July 5, 2008, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, CATHERINE S. TUNIS, did violate the lawful order of a government employee, namely a National Park Service Ranger, who w[as] authorized to maintain order and control public access and movement during a wildlife management operation that posed a threat to public safety, to wit, a bear jam:
In violation of 36 C.F.R. §2.32(a)(2).

A trial was conducted on June 11, 2009. The following facts were placed on record. On July 5, 2008, Ranger Nelson arrived on scene at a bear jam. Defendant was among a group of photographers in an open flat spot, see Government Exhibit 1, n.2, taking pictures of a grizzly bear. After assessing the situation, Ranger Nelson decided, for safety reasons, to direct all persons to move to the North-side of the road. Defendant was the last in the group to comply with the Ranger's directive, but eventually she did move to the North-side of the road.

Ranger Sanford arrived on the scene. The bear moved from his initial position, see Government Exhibit 1, n.1, to the West. See Government Exhibit 1, n.3. Ranger Nelson

relocated approximately 100 yards along the road to the West. See Government Exhibit 1, n. 4. The Rangers attempted to clear a corridor between Ranger Nelson's position, see id., and Ranger Sanford's position, see Government Exhibit 1, n. 5, so that the bear could cross the road.

It appears that when the bear moved from his initial position to the West that Defendant moved along the North-side of the road, out into the corridor some 20 yards. The bear then shifted position again back to the East. Ranger Nelson testified that Defendant's position created a hazard as the bear was forced to circle back around the East-side of the group to cross the road. Ranger Nelson followed the bear back to the East to halt traffic arriving from the East. As he passed Ranger Sanford, Ranger Nelson instructed Sanford to collect Defendant's license and registration.

Ranger Sanford collected Defendant's license and registration. Defendant testified that she did not recognize Ranger Nelson. She further testified that an altercation occurred between herself and Ranger Sanford. The record shows that Ranger Sanford authored the citation against Defendant. Ranger Sanford did not testify at trial.

After reviewing the trial testimony, the Court finds that the government cannot prove its case beyond a reasonable doubt. Since Ranger Sanford authored the citation, the absence of his testimony is fatal to the government's case. Accordingly, the Court finds that Defendant is not guilty of the stated charge and the case should be dismissed.

Dated this 8th day of September, 2009

_____
Stephen E. Cole, U.S. Magistrate Judge